# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO GONZALEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF BAKERSFIELD, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-00107 - JLT<br><br>ORDER DENYING DEFENDANTS' MOTION TO COMPEL<br><br>(Doc. 58) |

    Defendants seek to compel an employee from the Social Security Administration to appear at trial and produce documents related to Plaintiff's claim for disability benefits, which he has been receiving since 1989. (Doc. 58) Plaintiff and the Social Security Administration oppose the motion to compel. (Docs. 61, 64) For the following reasons, Defendants' motion to compel is **DENIED**.

## I.    Relevant Background

    Plaintiff alleges that on the night of January 19, 2015, he suffered violations of his civil rights and California law, asserting the defendants used excessive force in the course of a wrongful arrest. (Doc. 17 at 2) He asserts the officers "beat him, restrain[ed] him, and pile[d] onto his back." (*Id.*) According to Plaintiff, "As a result of the beating and restraint, Gonzales suffered serious and lasting injuries to his back, neck, and shoulders." (*Id.*)

    Defendants contend Plaintiff has placed "his medical condition at issue," because he "claims injuries in this case which are believed to be similar, if not the same, to the medical issues for which he

1

has been collecting Social Security/Disability benefits" since approximately 1989. (Doc. 58-1 at 2) Therefore, on July 10, 2017, Defendants "issued a trial subpoena and formal application pursuant to 20 C.F.R. § 403.100 requesting that a Social Security Administration employee testify at the trial of this matter relating to Social Security and Disability benefits claimed and provided to the Plaintiff." (*Id.*) In addition, Defendants indicated the Custodian of Records was commanded to produce "[a]ny and all records and documents relating to benefits claimed by and/or provided to Arturo Gonzalez aka Arturo Gonzales…" (Doc. 58-2 at 7)

On July 31, 2017, the SSA informed Defendant's counsel that the SSA "cannot comply with a request for testimony unless a proper request has been made and approved by the Commissioner of Social Security or his designee." (Doc. 58-2 at 12) The SSA explained: "Federal law prohibits testimony by an employee concerning information he or she obtained in the course of Social Security business or because of his or official capacity without the prior authorization of the Commissioner of Social Security or his designee." (*Id.*, citing 20 C.F.F. §§ 403.100-403.155; *United States ex rel Touhy v. Ragen*, 340 U.S. 462 (1951)). Therefore, Defendants submitted a formal request on August 10, 2017. (Doc. 58-1 at 3)

Following the written request, Defendants were informed that "the SSA prohibits disclosure of the requested records," and the SSA suggested Defendants "obtain a signed consent form and protective order." (Doc. 58-1 at 4) However, Plaintiff refused to sign an authorization.

On November 9, 2017, following the filing of this motion, the SSA issued a written ruling on Defendants' application for the testimony of an SSA employee. (Doc. 64-3) The SSA denied the application, finding "[a]llowing the requested testimony about Mr. Gonzalez's Social Security benefits may risk violating a law or compromise a Government privilege." (*Id.* at 1) Because Defendants "did not submit a valid, current consent from Mr. Gonzalez allowing an SSA employee to release information," the SSA explained disclosure "would violate the Privacy Act, 5 U.S.C. § 552a and the confidentiality provisions of the Social Security Act, 42 U.S.C. § 1306." (*Id.*) The SSA also observed that even if Defendants "did provide a valid consent, allowing the requested testimony in this matter would unduly burden [the] SSA" because "an SSA employee would be diverted from his or her official duties for a matter unrelated to SSA's operations." (*Id.* at 2)

In addition, the SSA found the information requested was "available by means other than the sworn testimony of an SSA employee." (Doc. 64-3 at 2) The SSA explained: "With proper consent, the agency could produce certified copies of Mr. Gonzalez's Social Security records for use in any proceeding." (Doc. 64-3 at 2, citing 20 C.F.R. § 401.100 [consent requirements]; 20 C.F.R. 403.155 [certification procedures]) The SSA explained that "because [it] can certify copies of records in SSA's possession, the Commissioner generally will not authorize testimony intended only to authenticate those records." (*Id.*, citing 66 F.3d. Reg. 2806, 2807 (Jan. 12, 2001))

Following receipt of the SSA's final decision, Defendants indicated they are "willing to narrow the subpoena and accept a declaration from the SSA Custodian of Records along with the requested records, rather than require the attendance of an SSA Custodian of Records at trial." (Doc. 66 at 3)

**II.     Legal Standards**

The SSA has determined that withholding records can be mandated by regulations, absent the consent. *See Mason v. South Bend Comm. Sch. Corp.*, 990 F.Supp. 1096, 1097 (N.D. In. 1997). The SSA regulations provide in relevant part:

> The Privacy Act permits us to disclose information when we are ordered to do so by a court of competent jurisdiction. When information is used in a court proceeding, it usually becomes part of the public record of the proceeding and its confidentiality often cannot be protected in that record. Much of the information that we collect and maintain in our records on individuals is especially sensitive. Therefore, we follow the rules in paragraph (d) of this section in deciding whether we may disclose information in response to an order from a court of competent jurisdiction. When we disclose pursuant to an order from a court of competent jurisdiction, and the order is a matter of public record, the Privacy Act requires us to send a notice of the disclosure to the last known address of the person whose record was disclosed.

20 C.F.R. § 401.180. The SSA will "disclose information in compliance with an order of a court of competent jurisdiction if—

> (1) another section of this part specifically allows such disclosure, or
>
> (2) SSA, the Commissioner of Social Security, or any officer or employee of SSA in his or her official capacity is properly a party in the proceeding, or
>
> (3) disclosure of the information is necessary to ensure that an individual who is accused of criminal activity receives due process of law in a criminal proceeding under the jurisdiction of the judicial branch of the Federal government.

*Id.* § 401.180(e).

When an agency denies a request for testimony or records disclosure, "[t]he remedy for challenging an agency's decision not to authorize testimony is a separate action in federal court pursuant to the [Administrative Procedures Act]." *Rhoads v. U.S. Dep't of Veterans Affairs*, 242 F.Supp.3d 985, 990 (E.D. Cal. 2017) (citing *In re Boeh*, 25 F.3d 761, 764 n.3 (9th Cir. 1994)). In such an action, "a reviewing court may 'hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Id.* (quoting 5 U.S.C. § 706(2)(A)).

### III. Discussion and Analysis

Neither the SSA nor its employees are parties to this proceeding, and Plaintiff has not been accused of a criminal activity. Further, Defendants fail to identify any section under the applicable SSA regulations under which the requested records are permitted to be disclosed.[1] Although the SSA primarily responded to the request for its employee to appear and testify at the hearing, the SSA also indicated it would only be willing to produce certified copies of the records if Plaintiff consents to the production.

Under similar circumstances, a district court determined the defendant failed to show "that it has the right—or that the court has the power to—compel the production of [the plaintiff's] Social Security records without her signing a release." *Mason*, 990 F.Supp. at 1098. On the other hand, after reviewing the applicable regulations, there was "ample authority to convince the court that Social Security's regulations generally do not authorize the release of such records upon order of a court, even in a federal court, in the absence of a special circumstance." *Id.*; *see also Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1230 (10th Cir. 2001) (noting the SSA regulations prohibits disclosure of the records by employees of the SSA without consent, and ordering the plaintiff to sign a release for his records, in light of his failure to comply with discovery).

Moreover, because the SSA issued a written decision on Defendants' request for production, a motion to compel production of documents is not the proper mechanism to challenge the agency's

---

[1] Moreover, the Court is not convinced as to the necessity of obtaining the records. Even if the plaintiff made statements in 1989 about a shoulder or neck condition/injury, the fact that there is no evidence he received treatment for these conditions over the years undercuts a claim that he suffered from such pre-existing conditions. Moreover, the mere fact that these statements may be impeaching is not sufficient to justify the Court deviating from the requirements of the APA.

decision. Rather, such a challenge must be brought under the Administrative Procedures Act, at which time the Court would be authorized to review the "action, findings, and conclusions." *See* 5 U.S.C. § 706(2)(A); *Rhoads*, 242 F. Supp. 3d at 990.

## VI. Conclusion and Order

Based upon the foregoing, the Court **ORDERS**:

1. Defendants' motion for an order compelling an employee of the Social Security Administration to appear at trial and produce requested documents (Doc. 58) or to produce certified copies of the records is **DENIED**; and

2. The motion to quash the subpoena (Doc. 63) is terminated as **MOOT**.

IT IS SO ORDERED.

Dated: **December 12, 2017**  **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE