UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO GONZALEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF BAKERSFIELD, et al.,<br><br>        Defendant. | Case No.: 1:16-cv-0107 - JLT<br><br>ORDER ON MOTIONS IN LIMINE<br>(Docs. 70, 72-77) |

Plaintiff Jesse Trevino, who is deaf, asserts that Bakersfield Police Officer Ryan Miller used excessive force in the course of detainment.

**II.    Legal Standards Governing Motions in Limine**

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 40 n. 2 (1984). The Ninth Circuit explained motions in limine "allow parties to resolve evidentiary disputes ahead of trial, without first having to present potentially prejudicial evidence in front of a jury." Brodit v. Cabra, 350 F.3d 985, 1004-05 (9th Cir. 2003) (citations omitted).

Importantly, motions in limine seeking the exclusion of broad categories of evidence are disfavored. See Sperberg v. Goodyear Tire and Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975). The

Court "is almost always better situated during the actual trial to assess the value and utility of evidence." Wilkins v. Kmart Corp., 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007). The Sixth Circuit explained, "[A] better practice is to deal with questions of admissibility of evidence as they arise [in trial]" as opposed to ruling on a motion in limine. Sperberg, 519 F.2d at 712. Nevertheless, motions in limine are "an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child & Family Services, 115 F.3d 436, 440 (7th Cir. 1997).

"[A] motion in limine should not be used to resolve factual disputes or weigh evidence," C & E Services, Inc. v. Ashland Inc., 539 F. Supp. 2d 316, 323 (D. D.C. 2008), because that is the province of the jury. See Reeves v. Sanderson Plumbing Products, 530 U.S. 133, 150 (2000).

Moreover, the rulings on the motions in limine made here does not preclude either party from raising the admissibility of the evidence discussed here, if the evidence adduced at trial demonstrate a change of circumstances that would make the evidence admissible. In this event, the proponent of the evidence **SHALL** raise the issue outside the presence of the jury. Finally, the rulings made here are binding on all parties and not merely to the moving party.

**II.     Plaintiff's Motions in Limine**

**A.     Plaintiff's Motion in Limine #1 (Doc. 72) to exclude evidence not known to the defendants at the time of the use of force**

The plaintiff seeks to exclude any evidence of which the officers were unaware at the time they decided to use force. (Doc. 72)

Notably, officers' conduct is evaluated from the perspective of a reasonable officer on the scene regardless of the actual motivation of the particular officers. Graham v. Connor, 490 U.S. 386, 397 (1989). "Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." Whren v. United States, 517 U.S. 806, 806 (1996). Instead, liability may not attach unless his actions were objectively unreasonable, regardless of the officer's motivation. Ashcroft v. al-Kidd, 563 U.S. 731, 736 (2011) ["the Fourth Amendment regulates conduct rather than thoughts . . .]

On the other hand, what is known to the officer at the time bears on the facts and circumstances of the event. Ruvalcaba v. City of Los Angeles, 64 F.3d 1323, 1328 (9th Cir. 1995).

Thus, any evidence known to the officers is admissible but information not known to them is not.

      **i.     The plaintiff's prior bad acts**

The defendants admit they had no information about the plaintiff's prior bad acts. Thus, this evidence will not be admitted. Thus, the motion is **GRANTED** on this basis.

      **ii.    The 911 tapes**

The defendants agree they did not hear the tapes placed by Gonzalez Jr. to 911. Despite this, they argue that the tapes should be admitted to corroborate their conclusion that the call required them to be on "high alert." (Doc. 89 at 4-5) However, if what they actually knew is not sufficient to justify their being on "high alert," what they did not know could not do so. Thus, absent an effort by the plaintiff to demonstrate that the officers are not being truthful about what the dispatcher told them, the tapes will not be admitted. Consequently, the motion is **GRANTED** on this basis.

      **iii.   Reference to gangs or drugs**

The defendants argue that they were not asked[1] whether they knew whether the neighborhood where the events occurred was a location of a lot of gang or drug activity. They agree that if they did not know this, it cannot be admitted. If they considered this in their decision as to how to approach the call, then, the Court agrees, this evidence could be admitted. As a result, the Court's determination of this portion of the motion will depend upon the foundation laid.

      **iv.    Prior police reports re: "a grenade, a rocket launcher, five friends and an AK 47"**

The defendants argue they were aware of the prior police reports in which Gonzalez Jr. claimed to be intent on ambushing police and using various weapons and having the assistance of five friends.

The plaintiff contends that Officer Barrier did not read the previous police reports before the events giving rise to this litigation; he claims he did. The plaintiff's belief that Officer Barrier is lying is insufficient justification to exclude this evidence. Rather, it is a question for the jury. Thus, the motion is **DENIED** on this basis.

---

[1] This is a different question from whether the officers "connected the call with gangs or drugs."

3

### v. Prior police contacts

The defendants argue that Officer Barrier was aware of prior police contacts occurring at the home before the events which gave rise to this litigation. For the same reasons set forth above, this evidence may be admitted and the motion is **DENIED**. To the extent that police contacts occurred after these events, the motion is **GRANTED**.

**B.  Plaintiff's Motion in Limine #2 (Doc. 73) to exclude information regarding the plaintiff's immigration status or the quality of his neighborhood**

The defendants agree they will not introduce evidence related to the plaintiff's immigration status. Thus, the motion is **GRANTED** to this extent. However, to the extent the defendants considered the "high crime" nature of the plaintiff's neighborhood when developing their tactical plan, this information may be introduced, if a sufficient foundation is established. Ruvalcaba, at 1328.

The Court finds little support for the argument that this evidence is prejudicial. Indeed, the Court is aware there are very few neighborhoods in this city that are not claimed by one or more criminal street gangs. Likewise, the fact that a person lives in a "high crime area" has no bearing on the person's character because a resident cannot control what occurs in the streets and the other houses in their neighborhood. However, because such neighborhoods pose unique safety challenges to law enforcement[2], the Court finds that the probative value of the evidence outweighs any minimal prejudicial effect. Thus, the motion is **RESERVED** on this basis.

**C.  Plaintiff's Motion in Limine #3 (Doc. 74) to exclude information regarding ambushes of other police officers and statistics along this vein**

The defendants assert that such evidence may be introduced by their expert who is obligated to expound on how a reasonably well-trained officer responds to threats of ambush and may rely upon statistics to explain these training standards.

The Court will not allow introduction of evidence of particular ambush events. However, experts for both sides will be permitted to discuss how a reasonably well-trained officer in California

---

[2] For example, in some neighborhoods, a generalized sympathy to law enforcement may cause other residents to attempt to help police while in a different neighborhood a generalized hatred of law police may cause residents to attempt to join into the violence. The former does not pose a threat to officer safety while the latter may.

is trained to deal with possible ambush situations. The defense experts will not be permitted to explain why the training is designed as it is—to the extent that this will seek to have the experts to discuss other ambushes of officers or statistics on this topic. Therefore, to this extent, the motion is **GRANTED**.

**D.   Plaintiff's Motion in Limine #4 (Doc. 75) to exclude information that the plaintiff receives disability payments**

The defendants indicate they will not introduce evidence that the plaintiff receives disability payments. However, they will introduce evidence that the plaintiff was disabled related to the condition of his back as evidenced by his having been awarded disability payments.[3]

The Court agrees that the fact that the plaintiff receives disability payments is not pertinent. However, the fact that he has been determined by a government agency to be disabled due to a prior injury to a part of his body that he alleges was injured in the underlying events is relevant. Thus, the motion is **GRANTED** related to his receipt of disability payments but **DENIED** as to the fact of his status as "disabled."

**D.   Plaintiff's Motion in Limine #5 (Doc. 76) to exclude information that Gonzalez Jr. may be apportioned fault**

The plaintiff argues that there may be no apportionment for the injuries to Gonzalez Jr. because the law related to the use of force does not consider a causal connection to other persons. However, as pointed out by the defendants, the undisputed evidence is that Gonzalez Jr. put the events in motion. However, this alone does not mean necessarily that fault may be apportioned to him. This may attach *only* if the officers' conduct did not cut off the chain of causation. This determination requires fact questions to be resolved. Thus, the Court **DENIES** the motion without prejudice. The parties may discuss this topic in their trial briefs.

///

///

---

[3] The payments the plaintiff receives are his due based upon his disabled status and this does not mean "he is being paid not to work." Likewise, if, in fact, he spends his days watching television, that is no one's business but his own. It should go without saying that no witness will be permitted to make comments along these lines of to impugn the plaintiff's character based upon the fact that he is disabled or because he is receiving disability payments.

5

1    **III.    Defendants' Motions in Limine (Doc 70)**

2             **A.       Defendants' Motion in Limine #1 to exclude the ACLU report**

The plaintiff agrees that he will not seek to admit this report unless the defendants open the door. Thus, the motion is **GRANTED**.

**B.       Defendants' Motion in Limine #2 to exclude the video footage**

The defendants argue that the video footage taken from a neighbor's surveillance camera should not be admitted because it is taken from a vantage point that is different from that of the officers. The plaintiff argues the video is admissible for various reasons including that it corroborates the plaintiff's version of the events and impeaches the defendants' version.

The Court has seen the video numerous times and agrees that it is taken from a perspective that is different from the officers' view. The Court agrees that the jury cannot consider the video to determine that the officers acted unlawfully in using force during the time when the vantage point is pertinent.[4] The video, shot from in front of and to the side of the plaintiff and from a house-high elevation, shows a very different view of the plaintiff than that of the officers, who were positioned directly behind and behind and to the left of the plaintiff. Indeed, the plaintiff has failed to demonstrate that the video depicts a view that could have been seen by the officers without the benefit of 20/20 hindsight. Graham, at 396.

However, the video may be admitted for other reasons including the length of time physical force was applied, the mechanism of the alleged injury and for all purposes when the officers' location and, hence, their vantage point is no longer is an issue. Thus, the motion is **GRANTED** to the extent that the Court will exclude the video before 5:11[5] and after 7:09[6] or, if appropriate for impeachment.[7]

---

[4] The Court is aware that at least one state court has determined that the questions raised here go to the weight of the evidence, rather than its admissibility. Clay v. City of Los Angeles, 2012 WL 573115, at *7 (Cal. Ct. App. Feb. 21, 2012) The Court strongly disagrees and rejects it completely. No other court has followed the rationale of Clay. Just as an after-the-fact determination that a suspect has a weapon cannot justify the use of force, an after-the-fact determination that the suspect did not have a weapon cannot impose liability for the use of force. The question is not whether the officers were factually correct, but whether what would be reasonably perceived by an officer on the scene reasonably justified the use of force.

[5] The Court refers here to the time passing, rather than the time stamp.

[6] Once again, the defense may choose to allow the jury to see the entire video, while reserving their objection to the Court's order. If they choose to do this, they SHALL alert the Court and opposing counsel in advance of the use of any portion of the video.

[7] Proper impeachment is not mere supposition of what could be seen by a reasonable officer at the scene.

6

If either side chooses to use the video, they **SHALL** use an edited copy of the video. They **SHALL NOT** use an unedited version unless[8].

B. **Defendants' Motion in Limine #3 to exclude evidence regarding other lawsuits**

The plaintiff agrees that he will not seek to offer evidence of other lawsuits involving police officers or the police department. Thus, the motion is **GRANTED**.

C. **Defendants' Motion in Limine #4 to exclude evidence from the defendants' personnel file**

The plaintiff asserts that he may need to refer to Officer Barrier's personnel file if Barrier testifies contrary to his deposition testimony. This argument is not persuasive. If Officer Barrier's trial testimony is contrary to his deposition testimony, the proper method of impeachment—at least according to what the Court knows at this time—is his deposition transcript. Thus, the motion is **GRANTED**. Attempting to introduce the personnel file would be an attempt to prove a collateral matter and would constitute an undue waste of time.

D. **Defendants' Motion in Limine #5 to exclude evidence of other citizen complains unrelated to this matter**

The plaintiff reports that he has no intention of admitting evidence of other, unrelated citizen complaints. Thus, the motion is **GRANTED**.

E. **Defendants' Motions in Limine #6, 10 and 14**

The parties have entered into a stipulation precluding evidence related to these motions. The Court has granted this stipulation (Doc. 102)

F. **Defendants' Motion in Limine #7 to exclude evidence of the policies and procedures of the City of Bakersfield**

The plaintiff noted in his papers,

> Plaintiff intends to object to any testimony, evidence, or argument to the effect that the Bakersfield Police Department or the City of Bakersfield made any official "finding" or "determination" that the conduct of the officers was approved or within policy, or that the officers were or were not disciplined. Such evidence would be irrelevant, prejudicial, and invade the province of the jury. In the event such evidence is admitted over Plaintiff's objection, then Plaintiff would contend that the door was opened for

---

[8] The Court will not tolerate any mistakes in this regard that lead to the jury seeing even one frame more than what is permitted here.

> Plaintiff to attack the credibility of any such findings or determinations. Otherwise, Plaintiff does not oppose this motion.

(Doc. 90 at 10) However, at the hearing, plaintiff's counsel clarified that he did intend on referring to the City's Use of Force policy, though not in a manner that criticizes the policy. The plaintiff seeks to refer to the policy to demonstrate that the defendants did not act according to the City's policy.

However, at issue at trial is whether the officers' conduct was lawful when compared to how a reasonably well-trained officer would have responded. The training regimen or use of force policy of the City is irrelevant to this determination. Indeed, the POST standards are irrelevant *unless* an expert testifies that this is the standard to which a reasonably well-trained officer is held.

Thus, the motion is **GRANTED** and neither side will be permitted to refer to the policies of the City or to offer any evidence that to whether the officers' conduct comported or failed to comport to the City's policies.

**F.** **Defendants' Motion in Limine #8 to exclude evidence of prior lawsuits or claims**

The plaintiff reports he has no intention of referring to this information. Thus, the motion is **GRANTED**.

**F.** **Defendants' Motion in Limine #9 to exclude evidence of the defendants' wrongful motives**

The plaintiff argues he should be permitted to present evidence that the defendants acted with a racially discriminatory motivation. However, the Court is aware of no evidence that this was a motivation and, more important, the officers' subject intent is irrelevant to a determination as to whether they inflicted excessive force. "Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." Whren, 517 U.S. at 806; Ashcroft, 563 U.S. at 736 [A Fourth Amendment claim "cannot be challenged as unconstitutional on the basis of allegations that the arresting authority had an improper motive . . ."] Thus, the evidence has no probative value in terms of establishing liability and introducing it would be overwhelmingly prejudicial.[9] Thus, the motion is **GRANTED**.

---

[9] The plaintiff may seek to have the entire issue of punitive damages (in addition to the amount of punitive damages) to be bifurcated from the issue of liability.

8

**F.     Defendants' Motion in Limine #11, 12 and 13 to exclude evidence of**

Rule 37(c) "gives teeth" to the requirements of Rule 26(e) "by forbidding the use on a motion or at trial of any information required to be disclosed by" that rule, unless the party's failure to disclose the required information is substantially justified or harmless. See <u>Yeti by Molly Ltd. v. Deckers Outdoor Corp</u>., 259 F.3d 1101, 1106 (9th Cir.2001). Thus, as a matter of course, experts may not opine on topics not identified in their Rule 26 reports and witnesses and documents not produced in discovery may not be introduced. Thus, the motion is **GRANTED**.

**IV.     Defendants' Supplemental Motion in Limine (Doc. 77) to exclude evidence of the amount of medical bills charged**

The plaintiff admits that as to past medical bills, he may introduce evidence of the amounts paid or the reasonable charge, whichever is lower. The plaintiff admits also that as to amounts billed but not paid, he may introduce evidence only of what a reasonable charge would be. Finally, the Court agrees that as to future medical costs, if necessary, the jury will determine the reasonable amount to cover this care. Thus, the motion is **GRANTED**.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1.     Plaintiff's motion in limine #1 (Doc. 72) is **GRANTED** as to police contacts after the events at issue, the ruling is **RESERVED** as to references to gangs and drugs and **DENIED** in all other respects;

2.     Plaintiff's motion in limine #2 (Doc. 73) is **GRANTED** as to the plaintiff's immigration status and the ruling is **RESERVED** as to references that the neighborhood is high crime;

3.     Plaintiff's motion in limine #3 (Doc. 74) is **GRANTED;**

4.     Plaintiff's motion in limine #4 (Doc. 75) is **GRANTED** as to the receipt of disability payments but **DENIED** as to evidence the plaintiff was "disabled;"

5.     Plaintiff's motion in limine #5 (Doc. 76) is **DENIED** without prejudice;

6.     Defendants' motion in limine #1 (Doc. 70) is **GRANTED**;

7. Defendants' motion in limine #2 (Doc. 70) is the motion is **GRANTED in PART** and **DENIED in PART**. The portion of the video running from five minutes and 11 seconds to seven minutes and nine seconds may be admitted;

8. Defendants' motion in limine #3 (Doc. 70) is **GRANTED**;

9. Defendants' motion in limine #4 (Doc. 70) is **GRANTED**;

10. Defendants' motion in limine #5 (Doc. 70) is **GRANTED**;

11. Defendants' motion in limine #7 (Doc. 70) is **GRANTED**;

12. Defendants' motion in limine #8 (Doc. 70) is **GRANTED**;

13. Defendants' motion in limine #9 (Doc. 70) is **GRANTED**;

14. Defendants' motion in limine #11 (Doc. 70) is **GRANTED**;

15. Defendants' motion in limine #12 (Doc. 70) is **GRANTED**;

16. Defendants' supplemental motion in limine #1 (Doc. 77) is **GRANTED**;

17. No party, witness or attorney is permitted to refer to the evidence excluded by this order, unless for impeachment purposes or because it is admissible on grounds not considered here.

IT IS SO ORDERED.

Dated: **May 31, 2018**              **/s/ Jennifer L. Thurston**
                                   UNITED STATES MAGISTRATE JUDGE